(Pleito No. 3.—Fallado el 6 de Noviembre de 1899).

## SANTOS contra LA TESORERÍA.

RECURSO contra sentencia dictada por el Tribunal de Distrito de San Juan.

1. COMPETENCIA.—La competencia de jurisdicción del Tribunal Supremo se extiende á aquellos asuntos administrativos en que no se ventila ningún derecho de propiedad sino simplemente la manera de cumplir una sentencia dictada por el Consejo de Estado.
2. LAS SENTENCIAS DE LOS TRIBUNALES ADMINISTRATIVOS deberán interpretarse estricta y literalmente.
3. CUANDO LA TESORERÍA NO ES RESPONSABLE DE LOS RENDIMIENTOS.—La Tesorería no es responsable de los rendimientos de una finca por ella embargada, y que se encuentra en poder de un depositario administrador, cuando no ha habido tales rendimientos.
4. SOBRE EL MISMO PUNTO.—Un acuerdo por el que se somete á peritos la tasación de los rendimientos ó productos de una finca, no implica la obligación por parte de la Tesorería de satisfacer los mismos.
5. LA TESORERÍA NO SERÁ RESPONSABLE de daños y perjuicios cuando no ha faltado al cumplimiento de la sentencia del Consejo de Estado.

### SENTENCIA.

En la Ciudad de San Juan de Puerto Rico, á seis de Noviembre de mil ochocientos noventa y nueve; en el pleito contencioso-administrativo promovido por Don Felipe Santos, por su propio derecho, como heredero de Don José María Santos, contra la Administración del Estado representada por el Sr. Fiscal sobre resolución de la extinguida Intendencia general de Hacienda de veinte y dos de Agosto de mil ochocientos noventa y tres que dispuso quedase rectificada la liquidación practicada y que habiendo sido los productos de la estancia embargada á Don José María Santos desde el momento del embargo, disfrutado por sí y sus herederos, quedaba cumplimentada la sentencia del Tribunal Contencioso, pendiente ante este Tribunal Supremo de apelación establecida por Don Felipe Santos contra la sentencia que dictó la Sección 2ª de la suprimida Corte Suprema de Justicia, que revocó la resolución impugnada; y manda que se rectifique la liquidación practicada por la Intendencia y que se incluya en ella los productos de la finca embargada y depositada desde el ocho de Abril de mil ochocientos sesenta y ocho al diez y nueve de Junio de mil ochocientos noventa y dos en que fué entregada, á razón de cien pesos anuales que se comprenderán en los próximos presupuestos, cuya sentencia contiene los siguientes resultandos.—"1.º Resultando: " Que la Hacienda pública embargó á Don José María San- " tos por responsabilidades subsidiarias y como testigo de abo- " no en ocho de Abril de mil ochocientos sesenta y ocho, " entre otros bienes, una estancia radicada en la jurisdicción " de Trujillo Alto, barrio de las Cuevas, quedando la finca en " depósito y administración primeramente de Don Facundo " Morales y después de Don Ramón Sánchez López hasta el " diez y nueve de Junio de mil ochocientos noventa y dos, " en que se le devolvió.—2.º Resultando: Seguido pleito por " la sucesión de Don José María Santos en vía contencioso- " administrativa, contra la Hacienda pública, el Consejo de " Estado por Real Decreto sentencia de treinta y uno de

" Agosto de mil ochocientos setenta y ocho, confirmó la sen-
" tencia apelada declarando que la obligación de Don José
" María Santos se reducía á la diferencia que resultase entre
" el producto en venta de la estancia hipotecada y la canti-
" dad de siete mil quinientos pesos que dicha finca garanti-
" zaba en hipoteca á favor del Tesoro ; mandando además se
" practicase liquidación de las sumas ingresadas en Tesorería
" por razón de los bienes y derechos embargados á Santos,
" debiendo computarse al efecto como entregado el importe
" de los jornales que hubiesen podido devengar los siervos
" desde su entrada en depósito hasta que cesó el trabajo obli-
" gatorio de ellos el día de la emancipación ; que cubierta
" así la obligación en su caso, se alzarán inmediatamente los
" embargos, devolviéndose el sobrante y de no ser así, se apli-
" que á dicha obligación, en cuanto sea necesario por su or-
" den la indemnización procedente de los siervos embarga-
" dos en la parte que haya debido percibir dicha sucesión.—
" 3º   Resultando : Que la Intendencia en su consecuencia
" practicó la liquidación de las sumas ingresadas en Tesore-
" ría por razón de los bienes y derechos embargados á Santos,
" pero excluyendo los productos de la estancia embargada á
" contar desde el ocho de Abril de mil ochocientos sesenta y
" ocho en que fué ocupada por el Depositario administrador
" de la Intendencia, y seguido nuevo litigio contencioso-ad-
" ministrativo á nombre de la sucesión Santos, recayó otra
" sentencia del Consejo de Estado, de fecha ocho de Mayo de
" mil ochocientos noventa, por lo que revocando la sentencia
" apelada, se ordenó la rectificación de la liquidación practi-
" cada por la Intendencia general de Hacienda, incluyéndose
" en ella las cantidades que hubiesen ingresado en poder del
" Depositario administrador Don Ramón Sánchez López,
" en concepto de productos ó rendimientos de la finca em-
" bargada.—4º   Resultando : Que la Intendencia, en vista
" de esta segunda sentencia siguió el expediente administra-
" tivo sobre justiprecio pericial del producto líquido anual
" por término medio de la referida estancia embargada, ha-

" biendo el perito tercero dirimente estimado dicho producto
" en seiscientos setenta y tres pesos treinta y siete centavos,
" el perito de la Hacienda, en ciento nueve pesos, y el del
" demandante en mil setenta y tres pesos anuales, con cuyo
" resultado la Intendencia en veinte y cuatro de Agosto de
" mil ochocientos noventa y tres, tomando en consideración
" que los productos de la finca, si alguno ha tenido, de su
" percepción y disfrute se ha aprovechado la sucesión de Don
" José María Santos; que abonados metálicamente los pro-
" ductos de los jornales de los siervos en cantidad de mil
" treinta y siete pesos ochenta y cuatro centavos y que ade-
" más la expresada cantidad le valió de abono y descargo
" de su deuda: que según el acta de ratificación de embargo
" de la finca en cartorce de Mayo de mil ochocientos sesenta
" y ocho, Santos declaró que consta de setenta y cinco cuer-
" das de malezas y pasto y que el nombramiento de peritos
" tasadores no puede conducir al cumplimiento de la senten-
" cia que únicamente en esa parte dice que se incluya en la
" liquidación la cantidad que haya ingresado en poder de
" Don Ramón Sánchez López, en concepto de producto ó
" rendimiento, resolvió dicho centro quedando rectificada
" la liquidación y habiendo sido los productos de la
" estancia embargada á Santos desde el momento del em-
" bargo, disfrutados por sí y sus sucesores, quedaba cum-
" plida la sentencia del Tribunal Contencioso, al cual se re-
" mitirán los documentos necesarios para su justificación.—
" 5º Resultando: Que contra esta resolución estableció la
" sucesión Santos recurso contencioso-administrativo y re-
" chazado de plano dicho recurso por el Tribunal local de
" esta Isla se alzó de ello dicha sucesión para ante el Tribu-
" nal de lo Contencioso-Administrativo por el cual se mandó
" sustanciar y resolver este recurso con arreglo á derecho.—
" 6º Resultando: Que reclamado y recibido que fué el expe-
" diente gubernativo se puso de manifiesto al actor el cual
" dedujo demanda contencioso-administrativa contra la men-
" cionada resolución consignando sustancialmente en los pun-

"tos de hecho cuanto se deja expuesto y consta del expe-
"diente administrativo, y como fundamentos legales invocó
"los artículos 1? y 2? de la Ley de lo Contencioso-Adminis-
"trativo y además el 4? y 32; añadiendo que las sentencias
"deben cumplirse literalmente ; que no fué error involun-
"tario eludir la obligación impuesta por la sentencia de ocho
"de Mayo de mil ochocientos noventa; que la Intendencia
"debió sujetarse al resultado del juicio pericial que propuso,
"y que los perjuicios causados deben indemnizarse." "Y
"concluye suplicando se revoque la resolución de la Inten-
"dencia general de Hacienda de veinte y cuatro de Agos-
"to de mil ochocientos noventa y tres, dejándola nula y de
"ningún valor, mandando en su consecuencia que se recti-
"fique la liquidación hecha por la misma, según su citada
"resolución, y que se incluya entre las partidas de la misma
"liquidación los productos de la finca embargada desde el
"día en que tuvo lugar el embargo hasta que fué devuelta á la
"sucesión de Don José María Santos, al respecto de la can-
"tidad anual fijada por el perito tercero en seiscientos seten-
"ta y tres pesos treinta y seis centavos, mandando á su vez
"que el importe de la liquidación se incluya en los próxi-
"mos presupuestos de los gastos del Estado de la Isla de
"Puerto Rico, condenando además á la Hacienda á la indem-
"nización de daños y perjuicios y al pago de las costas.—
"7? Resultando: Que conferido traslado de la demanda, el
"Fiscal articuló incompetencia la que tramitada fué recha-
"zada en primera y segunda instancia, mandando el Tribu-
"nal de lo Contencioso-Administrativo sustanciar y terminar
"con arreglo á derecho la expresada demanda; y conferida
"nueva vista al representante de la administración para
"contestar en el fondo, expuso como hechos : no estar con-
"forme en que la Intendencia no practicara la liquidación
"dispuesta, pues el mismo demandante así lo reconoce en
"los hechos 2? y 3? de su escrito, que la liquidación se prac-
"ticó y fué notificada á la sucesión : que la Intendencia
"ajustándose al fallo Supremo de mil ochocientos noventa,

" rectificó su anterior liquidación y no incluyó los productos
" de la finca embargada porque no los percibió, sino la suce-
" sión Santos quienes pagaron las contribuciones y disfruta-
" taron lo poco que pudo producir; que la peritación no su-
" pone obligación alguna por parte de la Hacienda tocante á
" productos que no ha recibido; que ninguna Autoridad de
" este orden puede obligar á la Hacienda á volver sobre su
" resolución sin previa declaración competente de derecho
" de la sucesión Santos sobre el importe de los productos re-
" clamados; aceptando en lo demás los hechos establecidos
" por el actor; y como fundamentos legales invocó los artí-
" culos 48, 4? y 46 de la Ley de lo Contencioso y las senten-
" cias del Tribunal de lo Contencioso-Administrativo de nue-
" ve de Abril, diez y ocho de Febrero, y diez y ocho de Di-
" ciembre de mil ochocientos noventa, nueve de Julio de mil
" ochocientos noventa y uno, y diez y ocho de Marzo de mil
" ochocientos noventa y dos, así como la sentencia del Tri-
" bunal Supremo de cinco de Mayo de mil ochocientos no-
" venta y dos; pidiendo para definitiva se absuelva á la Ad-
" ministración con las costas al demandante.—8? Resultan-
" do: Que á petición de las partes se abrió el juicio á prueba
" y se practicaron sólo las propuestas por el demandante con-
" sistente en la agregación de copia certificada acreditiva
" de que la sucesión Santos nunca ha estado avecindada en
" Trujillo Alto, y otra certificación de una de las piezas del
" expediente administrativo, que contiene las diligencias de
" embargo practicadas en la estancia de Don Ramón José Ma-
" ría Santos en la persona de Don Ramón Sánchez López, co-
" mo Depositario Administrador de orden de la Intendencia;
" diligencia de entrega de la finca de diez y nueve de Junio
" de mil ochocientos noventa y dos y otras de tramitación.—
" 9? Resultando: Que agregadas las pruebas susodichas á
" los autos se celebró la vista de este pleito en cuyo acto el
" defensor del demandante y el Fiscal alegaron invoce cuan-
" to estimaron conducente á su derecho.—10? Resultando:
" que para mejor proveer se solicitó de la Alcaldía de Truji-

" llo Alto noticia de los productos que se calcularon á dicha
" finca para la imposición de la contribución desde el año
" mil ochocientos sesenta y siete hasta el presente y
" aunque en el cumplimiento no se sujetó á lo solici-
" tado dicho Alcalde, aparece que desde el año mil
" ochocientos setenta y siete al mil ochocientos noventa
" y nueve el máximum de venta líquida calculada alcanzó
" á la suma de ciento veinte y cinco pesos, y el mínimum á
" cuarenta y seis pesos.—11º Resultando: Que puesto de
" manifiesto á las partes el resultado de la anterior diligen-
" cia transcurrió el término de tercero día sin alegarse cosa
" alguna respecto de su alcance é importancia.—12º Resul-
" tando: Que en la tramitación de este pleito se han obser-
" vado las formas y trámites del procedimiento. "—Acep-
tando los anteriores Resultandos, y además—Resultando:
que practicadas diligencias en el expediente gubernativo en
virtud de las reclamaciones de Don Felipe Santos para la
rectificación de la liquidación practicada é inclusión en la
misma de los productos de la estancia embargada se requi-
rió al Depositario Don Ramón Sánchez López para la rendi-
ción de cuentas habiendo presentado escrito de treinta de
Enero de mil ochocientos noventa y uno en el que expuso
que había sido nombrado depositario de la finca pertene-
ciente á la sucesión Santos, radicada en el barrio de las
Cuevas, jurisdicción de Trujillo Alto, que este depósito tuvo
lugar hacía unos veinte y un años: que nunca había culti-
vado la finca, ni esto se le había ordenado por la Adminis-
tración; que el depósito fué hecho por mera fórmula, pues
la sucesión Santos continuó usufructuándola como antes:
que las contribuciones fueron pagadas por la misma y que
de haber ocurrido de otro modo las cosas, se le hubiera
obligado á rendir cuenta periódicamente.—Resultando: Que
seguida la misma averiguación, declaró en dos de Marzo del
noventa y uno Don Facundo Morales que había visto cinco
ó seis años cultivaba la finca Hermenegildo Santos, hijo de
Santiago, del mismo apellido, y en diez y ocho de Abril

siguiente declararon Don Emilio y Don Vicente Betancourt, el primero de ellos colindante de la finca, expresando que sabían y les constaba que dicha finca había sido cultivada por sus dueños hacía unos catorce años más ó menos.—Resultando: Que en primero de Junio del mismo año declaró Don Felipe Santos que nadie había cultivado los terrenos porque desde la muerte de su padre, que se llevó el depositario Sánchez López los sirvientes de la finca, se puso de veedor á Don Escolástico Castro para evitar el destrozo de la finca y luego con el propio objeto á Don Julián Ríos y Don Emeterio Zayas, siendo la muerte de su padre el dos de Noviembre del año sesenta y ocho y por tanto como estaba el predio en situación de embargo, no se ha cultivado, habiendo pagado las contribuciones por no perder el derecho de propiedad, y nada absolutamente ha producido, y si alguna plantación nueva se ha cultivado habrá sido para el sostenimiento del veedor.—Resultando: Que después de estas diligencias y para mayor esclarecimiento á fin de que hubiera una base segura para la resolución que después se dictase se propuso á la Intendencia y ésta aprobó en doce de Diciembre del noventa y uno, que se practicara la tasación por peritos de que consta hecha referencia.—Resultando: Que la Sección 2ª de la Corte Suprema de Justicia dictó sentencia en dos de Junio del corriente año revocando la resolución de la Intendencia y disponiendo se rectificase la liquidación y que se incluyera en la misma los productos de la finca embargada desde el ocho de Abril de mil ochocientos sesenta y ocho al diez y nueve de Junio de mil ochocientos noventa y dos, al respecto de cien pesos mensuales. debiendo comprenderse el importe de la liquidación en los próximos presupuestos de gastos de la Isla que forme la Secretaría de Hacienda á la cual se condena en las costas.—Resultando: Que contra esta sentencia interpuso apelación Don Felipe Santos en escrito presentado en nueve de Junio por lastimar sus derechos derivados de los méritos del procedimiento, no sólo en punto á la cantidad, que se le

adeuda sino también á los daños y perjuicios reclamados,
cuyo recurso fué admitido en ambos efèctos por auto de
quince de Julio siguiente, notificado debidamente á las par-
tes.—Resultando:   Que recibido los autos en este Tribunal
Supremo, se personó Don Felipe Santos y se siguió con él y
con el Fiscal en representación de la Administración la tra-
mitación correspondiente y como término de la misma se
citaron las partes para sentencia con señalamiento de día
para la vista, el veinte y cinco de Octubre último, en el que
tuvo lugar, habiendo informado el Ldo. Don Rafael López
Landrón en representación del apelante y el Fiscal por la
Administración pública.—Vistos:  Siendo ponente el Juez
Asociado interino Don Luis de Ealo Domínguez.—1º  Con-
siderando: respecto á la excepción de incompetencia pro-
puesta por el Fiscal en su escrito de contestación á la de-
manda, que atendida la índole de las reclamaciones que
en ésta se establecen, en la que no se ventila ninguna cues-
tión de propiedad, sino simplemente la manera de cumplir
la sentencia ejecutoria dictada por el Consejo de Estado
y las responsabilidades en que haya podido incurrir la Ad-
ministración, por el incumplimiento de la misma según el
demandante, es de la competencia de la jurisdicción Conten-
cioso-administrativa la resolución de las expresadas cuestio-
nes, cuando, como en el presente caso, han sido objeto de
una providencia de carácter administrativo que ha causado
estado y contra la cual se ha interpuesto en tiempo el recur-
so que la Ley establece.—2º  Considerando:  Con respecto al
fondo de la demanda que la materia de este pleito Con-
tencioso-administrativo consiste en el cumplimiento del de-
creto sentencia del Tribunal Contencioso, de ocho de Mayo
de mil ochocientos noventa, debiendo por tanto estarse
estricta y literalmente á los términos de su resolución.—
3º  Considerando:  Que por dicha sentencia se dispone úni-
camente la inclusión en la liquidación de las cantidades
ingresadas en poder del depositario administrador Don Ra-
món Sánchez en concepto de productos ó rendimientos de la

finca embargada, y consta hasta por manifestación del propio demandante que la estancia de Trujillo nada produjo; por lo cual ningún rendimiento ha podido ingresar en poder del depositario ni debe ser incluído en la liquidación.— 4º Considerando: Que el acuerdo de la Intendencia disponiendo la tasación de los productos de dicha finca ni pudo alterar la forma del expresado decreto sentencia ni tampoco por los motivos, por los que se dispuso, creó ni declaró derecho alguno á favor de la sucesión Santos, habiendo sólo sido dispuesta para el mayor esclarecimiento y que pudiera servir de base á la resolución que luego se dictara.—5º Considerando: Que si por parte de la administración no se ha faltado al cumplimiento de la ejecutoria, al no incluirse en la liquidación los productos supuestos de la estancia embargada, no ha podido incurrir en la responsabilidad de los daños y perjuicios que le reclama el demandante por el incumplimiento de aquélla, ni hay motivo para declarar nula la resolución de la Intendencia General de Hacienda, que es objeto del presente recurso.—6º Considerando: Que por los términos en que la apelación fué establecida y admitida tiene el Tribunal Superior plena competencia para resolver sobre la materia del juicio con arreglo á los términos de la demanda y de la contestación.—Vistos los artículos 1º, 2º y 48 de la vigente Ley de lo Contencioso-administrativo y 1º, 3º y 319 del Reglamento para la ejecución de la misma; Fallamos: Que debemos revocar y revocamos la sentencia apelada, y declarando sin lugar la excepción de incompetencia alegada por el Fiscal, y sin lugar también la demanda, absolvemos de ella la administración, dejando firme y subsistente la resolución de la Intendencia de veinte y dos de Agosto de mil ochocientos noventa y tres, sin especial condenación de costas. Así por esta nuestra sentencia, que se publicará en la *Gaceta Oficial* lo pronunciamos, mandamos y firmamos.

José S. Quiñones.—José C. Hernández.—Juan Morera

Martinez.—El Sr. Juez Asociado Don Luis de Ealo y Dominguez votó en Sala.—José S. Quiñones.—Francisco de P. Acuña.

Publicación.—Leída y publicada fué la anterior sentencia por el Señor Presidente del Tribunal Supremo Don José S. Quiñones, celebrando audiencia pública dicho Tribunal en el día de hoy, de que como Secretario certifico, en Puerto Rico á seis de Noviembre de mil ochocientos noventa y nueve.—E. de J. López Gaztambide.